Submitted December 30, 2013, in Case No. 11CR1916FE, reversed and remanded; in Case No. 10CR1169FE, affirmed February 12, 2014

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

KALI ANNE JANSEN,
*Defendant-Appellant.*

Douglas County Circuit Court
10CR1169FE, 11CR1916FE;
A150678 (Control), A150697

323 P3d 332

Peter Gartlan, Chief Defender, and Laura A. Frikert, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Janet A. Klapstein, Senior Assistant Attorney General, filed the brief for respondent.

Before Wollheim, Presiding Judge, and Haselton, Chief Judge, and Schuman, Senior Judge.

PER CURIAM

## PER CURIAM

Defendant was convicted of possession of heroin, ORS 475.854, based on evidence discovered in a zippered pouch that police opened during an inventory at the Douglas County Jail. On appeal, defendant argues that the court erred in denying her motion to suppress that evidence because the jail's inventory policy, which gives officers unbridled discretion to open closed containers, is unconstitutional. *See State v. Atkinson*, 298 Or 1, 10, 688 P2d 832 (1984) (a constitutionally permissible inventory must be conducted "pursuant to a properly authorized administrative program, designed and systemically administered so that the inventory involves no exercise of discretion by the law enforcement person directing or taking the inventory").

Defendant's zippered pouch was opened pursuant to the "Douglas County Sheriff's Office Jail Procedures" for inventory of detainee property. The policy provides, in relevant part:

"Preliminary Intake—At initial intake, detainee will be relieved of all personal items (watches, jewelry, monies, wallets, etc.) whether on the physical person or in clothing. *All these items will be placed in a clear sealed bag* * * * *and will remain with the booking deputy for purposes of examination and inventory (this includes closed containers for example: purses, fanny packs, wallets, canisters, boxes and such).*

"* * * * *

"Prior to placing the inmate's clothing into a garment bag, all of the inmate's clothing will be searched. * * * All money in the possession of the inmate will be counted by the booking deputy and placed into the inmate's trust account."

(Emphasis added.) The policy defines "Inventoried Property" as "[p]roperty physically examined and entered into the computer by a deputy[,]" but the policy does not otherwise provide any guidance to officers with regard to the opening of closed containers.

The state acknowledges that the jail's inventory policy does not pass constitutional muster and offers the following concession:

> "Because this policy does not describe in detail which kinds of closed containers may be opened to check for valuables or contraband—to distinguish them from those that are simply placed apart from the prisoner in the sealed bag—the state agrees that the search was invalid."

The concession is well taken. *See State v. Cordova,* 250 Or App 397, 404, 280 P3d 1036 (2012) (explaining that "we have been scrupulously rigorous in our construction of the terms of inventory policies"). The trial court erred in denying defendant's motion to suppress, and we therefore reverse the conviction in Case No. 11CR1916FE and remand for further proceedings.[1]

In Case No. 11CR1916FE, reversed and remanded. In Case No. 10CR1169FE, affirmed.

---

[1] This consolidated appeal includes two cases, Case No. 11CR1916FE (possession charges) and Case No. 10CR1169FE (probation violation). Defendant's motion to suppress concerned evidence in Case No. 11CR1916FE; she does not challenge the judgment in Case No. 10CR1169FE.